Curia, per

Whitner, J.
The dissatisfaction with the Circuit decision arises out of the question made by the plea of the statute of limitations. The defendant having filed this plea, on the facts proved, it was overruled; and a new trial is now asked, because of error therein. This is the only ground of appeal.
In the review of the case, it will be assumed that, in the sale *44 of the negro woman, Lilly, and child, by Samuel W. Kennedy, appellant’s intestate, to the plaintiff, Samuel F. Rice, there was a warranty of title, and, whether arising on the instrument of writing, or by implication of law, the result of the motion now submitted would be the same.
The report of the Presiding Judge sufficiently shows the facts of the case.
The failure of Crawford to recover, establishes that Kennedy had no title to the slaves at the time of sale; and the defendant, therefore, claims that the warranty, as to title, was broken as soon as made, and that, from the time of this breach, a right of action accrued; or, if the warranty assured quiet enjoyment, as well as seisin, yet, when the possession was disturbed, and title asserted by another, that this was such a breach of this contract as to give a right of action; and, failing to avail himself thereof within the statutory time, that the plaintiff had lost his remedy.
The plaintiff, at the time of his contract, of course reposed on defendant’s undertaking that his title was good, and that his enjoyment should be quiet, or that he, the defendant, would indemnify for any failure, whether partial or total.
When the possession of the plaintiff was intruded on, and an adverse claim set up, a legal test was promptly resorted to, for the purpose of ascertaining, with certainty, whether his title was valid, and whether this disturbance was by a mere ‘trespasser, or, in fact, by the legal owner. When he applied to the defendant, then standing as his warrantor, and gave notice that his title and possession had been assailed, the defendant, it is alleged, by his conduct in the issue between Crawford and M’Elvey, reaffirmed what was said by his warranty as to title — undertook to sustain it, and, at the same time, to punish thereby the wrongdoer for this invasion of Crawford’s rightful possession. Under defendant’s management, the conflicting claims were investigated — the contest protracted — and years elapsed; when, failing in the issue, he leaves the plaintiff to count the costs of his *45 rashness, and claims that time had placed him beyond plaintiff’s reach. Such propositions shock one’s sense of fair dealing, and are, at least, enough to put the mind on anxious inquiry whether these are necessary legal deductions.
From the view taken of the case, this Court is relieved from most of the perplexing questions thus suggested, and from the necessity of imposing on the plaintiff any unreasonable onus in the prosecution of his remedy.
This relief is none the less acceptable to the Court because-afforded by the defendant himself. When he was notified of the suit of Crawford vs. McElvey, and of the issue involved, he did what it was entirely proper he should do.
Because of the contract of his intestate, and to save multiplicity of suits — to solve precisely the same questions, though affecting different vendors and vendees, (and these, it may well be perceived, may have been greatly increased in number,) these parties have done what is equivalent to a construction of their own contract, and fixed, as well the mode, as the contingency on which their respective rights should be determined. This defendant, therefore, being the first seller, and mainly concerned in sustaining the suit, stepped forward and assumed the position proper for the interests of all the parties, and these acts, in the opinion of this Court, amounted to an agreement to postpone and submit to the adjudication thus to- be had; and that legal eviction, therefore, should be the test of the breach of contract, and that, until thus ascertained, the respective rights of parties should be suspended.
, This may be regarded as analagous somewhat to a further promise to pay by a debtor, or to an acknowledgment of subordination of title by one in possession.
When the decision was thus had, from that time these questions were determined, and this party must be held to the consequences of his act.
The plea of the statute of limitations was, therefore, properly *46 overruled, and the motion for a new trial is consequently refused.
O’Neall, Evans, Wardlaw, Frost, and Withers, JX, concurred.

Motion dismissed.